**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| SARA VITERI-BUTLER, | No. 14-15656 |
| Plaintiff - Appellant, | D.C. No. 4:12-cv-02651-PJH |
| v. | |
| UNIVERSITY OF CALIFORNIA HASTINGS COLLEGE OF THE LAW, | MEMORANDUM[*] |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the Northern District of California
Phyllis J. Hamilton, Chief District Judge, Presiding

Submitted May 13, 2016[**]
San Francisco, California

Before: FARRIS, O'SCANNLAIN, and CHRISTEN, Circuit Judges.

Sara Viteri-Butler appeals from the district court's grant of summary

judgment to the University of California, Hastings College of Law ("Hastings") in

her lawsuit following elimination of her position as Financial Aid Assistant. The

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

facts of this case are known to the parties, and we do not repeat them here. We have jurisdiction under 28 U.S.C. § 1291.

I

Viteri-Butler first argues that the district court erred by "failing to rule" on her second Rule 56(d) request to deny or defer consideration of Hastings' motion for summary judgment. *See* Fed. R. Civ. Pro. 56(d). But the district court *did* effectively rule on her Rule 56(d) motion insofar as its order granting summary judgment to Hastings specifically "terminate[d] all pending motions." That ruling was not an abuse of discretion. The court had previously left the record open so that Viteri-Butler could complete discovery regarding Hastings' reduction in force. Yet Viteri-Butler did not seek additional production or request a motion to compel, despite having a month to complete discovery and submit a brief to the court. Moreover, there is no reason to think that any additional discovery "would have precluded summary judgment." *Nat'l Res. Def. Council v. Houston*, 146 F.3d 1118, 1133 (9th Cir. 1998) (quoting *Qualls v. Blue Cross of Cal., Inc.*, 22 F.3d 839, 844 (9th Cir.1994)).[1]

II

---

[1] "[F]ormer Rule 56(f) . . . is substantively the same as current Rule 56(d)." *Michelman v. Lincoln Nat'l Life Ins. Co.*, 685 F.3d 887, 899 n.7 (9th Cir. 2012).

Viteri-Butler next argues that the court erred in granting summary judgment to Hastings on her claims of age and race discrimination under the California Fair Employment and Housing Act ("FEHA"), Cal. Gov. Code § 12900 *et seq*.; the Age Discrimination Employment Act of 1967 ("ADEA"), 29 U.S.C. § 621 *et seq*.; and the Civil Rights Act of 1866, 42 U.S.C. § 1981. We disagree.

When assessing claims of age discrimination under FEHA and ADEA or race discrimination under FEHA and § 1981, courts use the *McDonnell Douglas* burden-shifting framework on summary judgment. *See Shelley v. Geren*, 666 F.3d 599, 607–08 (9th Cir. 2012); *Earl v. Nielsen Media Research, Inc.*, 658 F.3d 1108, 1112 (9th Cir. 2011); *Metoyer v. Chassman*, 504 F.3d 919, 930–31 (9th Cir. 2007). We question whether Viteri-Butler met her *prima facie* burden with respect to all of her claims. But even assuming she did so, Hastings provided a legitimate non-discriminatory reason for Viteri-Butler's termination. The elimination of Viteri-Butler's position arose in the context of Hastings' decision to cut its staff salary budget by $1.55 million. Moreover, Viteri-Butler's own description of her duties confirms that her position was "largely clerical" and thus less essential to the core functions of the Financial Aid Department than the roles of other employees. We are unpersuaded that Viteri-Butler has offered "specific, substantial evidence of pretext" to undermine this justification. *Coleman v. Quaker Oats Co.*, 232 F.3d

3

1271, 1282 (9th Cir. 2000) (citation omitted).  Summary judgment on these claims was proper.

## III

Viteri-Butler contends finally that the district court erred in granting summary judgment to Hastings on her claim that Hastings intentionally interfered with her retirement benefits in violation of § 510 of ERISA.  On appeal, Hastings contends that the University of California Retirement Plan ("UCRP") is a "governmental plan" and thus not governed by ERISA.  *See* 29 U.S.C. §§ 1003(b)(1), 1002(32).  However, we need not reach such question because even assuming ERISA applies to the UCRP, Viteri-Butler has pointed us to no evidence that anyone at Hastings even knew about any increased pension payout.  *See Dytrt v. Mountain States Tel. & Tel. Co.*, 921 F.2d 889, 896 (9th Cir. 1990) ("[N]o action [under § 510] lies where the alleged loss of rights is a mere consequence, as opposed to a motivating factor behind the termination.").

**AFFIRMED.**